People v Butler (2020 NY Slip Op 02676)





People v Butler


2020 NY Slip Op 02676


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2013-07545
 (Ind. No. 3317/11)

[*1]The People of the State of New York, respondent,
v
Derrick Butler, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, and Michelle M. Yong of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Salvatore Modica, J.), rendered June 26, 2013, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
When confronted with testimonial DNA evidence at trial, a defendant is entitled to cross-examine "an analyst who witnessed, performed or supervised the generation of defendant's DNA profile, or who used his or her independent analysis on the raw data" (People v John, 27 NY3d 294, 315; see People v Austin, 30 NY3d 98, 105). As the defendant contends, the People failed to establish that the analyst who testified in this case performed such a role in the testing or analysis of the testimonial DNA evidence introduced against him at trial (see People v Tsintzelis, ___ NY3d ___, 2020 NY Slip Op 02026). Since the error was not harmless, the defendant is entitled to a new trial (see id.).
In light of our determination, the defendant's remaining contentions are academic.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court